United States District Court
Southern District of Texas
**ENTERED**
August 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SAMUEL CASTILLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-cv-00435 |
| | § | |
| COMFORT TECH PLUMBING INC. | § | |
| d/b/a/ COMFORT TECH MECHANICAL, | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER AND OPINION</u>

The Court now considers Plaintiff's Motion for Default Judgment[1] and his status update.[2] After considering all that has been presented, the Court **GRANTS** the instant motion and sets a **HEARING** to assess damages.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his original complaint in this Court alleging that while he was employed by Defendant installing plumbing in a McAllister's Deli in Edinburg, Texas, the construction manager Larry Blank sexually harassed him by groping his buttocks, calling him "cute," and making jokes about his penis size.[3] Taking Plaintiff's factual allegations as true, Plaintiff reported this treatment to Andrew Lutt, one of the owners of Defendant, but no action was taken except that Plaintiff's employment was terminated.[4]

---

[1] Dkt. No. 16.
[2] Dkt. No. 19.
[3] Dkt. No. 1 at 3, ¶¶ 13-15.
[4] *Id.* at 3-4, ¶¶ 16, 21.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission and received a right to sue letter.[5] He then filed suit in this Court alleging violations of Title VII and the Texas Labor Code.

The Court is now convinced Plaintiff properly served Defendant on January 25, 2023.[6] This Court's previous order expressed concern that "Plaintiff provide[d] scant evidence that Randy Lutt is, in fact, authorized to receive service of process for Comfort Tech Plumbing, Inc." d/b/a Comfort Tech Mechanical.[7] Plaintiff's status update provides evidence that Randy Lutt is, in fact, a director and treasurer for Defendant,[8] and it includes briefing that those positions authorize him to receive service on behalf of Defendant under Federal Rule of Civil Procedure 4(h).[9]

## II. Discussion

### a. Legal Standard

Obtaining a default judgment is a three-step process: "(1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment."[10] Once entry of default is made, "plaintiff may apply for a judgment based on such default. This is a *default judgment*."[11] Defendant has defaulted by failing to answer or otherwise appear in this case and the clerk has already entered default against it.[12] The only remaining question is whether the third step, entry of default judgment, is appropriate.

Federal Rule of Civil Procedure 55(b) authorizes entry of default judgment with court approval, which is not lightly granted. Default judgments are a disfavored and drastic remedy,

---

[5] *Id.* at 2-3, ¶¶ 9-10.
[6] Dkt. No. 6.
[7] Dkt. No. 18 at 3.
[8] Dkt. No. 19-1.
[9] Dkt. No. 19 at 3-5.
[10] *Bieler v. HP Debt Exch., LLC*, No. 3:13-CV-01609, 2013 WL 3283722, at *2 (N.D. Tex. June 28, 2013) (citing *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)).
[11] *N.Y. Life Ins. Co.*, 84 F.3d at 141.
[12] Dkt. No. 10.

resorted to only in extreme situations such as an unresponsive party.[13] The Court will not grant default judgment automatically or as a matter of right, even if a defendant is in default.[14] Whether to grant default judgment is left to the sound discretion of the district court.[15] Adjudicating the propriety of default judgment is itself a three-step process.

First, the Court must determine whether the plaintiff's claims are well-pled and substantively meritorious.[16] After all, a defendant's failure to answer or otherwise defend does not mean the particular legal claims levied are valid and merit judgment against the defendant.[17] When analyzing the merits of claims, the Court may assume the truth of all well-pled allegations in the plaintiff's complaint because all defaulting defendants functionally admit well-pled allegations of fact.[18] But the Court will not hold the defendants to admit facts that are not well-pled or to admit conclusions of law.[19]

Second, if the plaintiff states a well-pled claim for relief, the Court examines six factors to determine whether to grant default judgment:

> [W]hether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.[20]

Third, if the plaintiff's claims are meritorious and default judgment appears appropriate, the Court must determine whether the requested relief is proper. Specifically, default judgment

---

[13] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).
[14] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).
[15] *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).
[16] *See Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498 (5th Cir. 2015).
[17] *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).
[18] *Id.*; *see Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992) ("Unlike questions of actual damage, which must be proved in a default situation, conduct on which liability is based may be taken as true as a consequence of the default.").
[19] *Nishimatsu Constr. Co.*, 515 F.2d at 1206.
[20] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

"must not differ in kind from, or exceed in amount, what is demanded in the pleadings."[21] The Court will determine how to calculate damages. The general rule is "unliquidated damages normally are not awarded without an evidentiary hearing" but the exception is when "the amount claimed is a liquidated sum or one capable of mathematical calculation."[22] When this exception applies, there is no need for an evidentiary hearing and the Court can enter default judgment on the papers.

### b. Analysis

#### 1. Whether Plaintiff's Claims are Substantively Meritorious

The Court first considers Plaintiff's allegations that he was discriminated against by being subjected to a hostile work environment on the basis of his sex (male) and that he was retaliated against for reporting that treatment, in violation of Title VII and the Texas Labor Code.

#### A. Discrimination

Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex."[23] Similarly, under the Texas Labor Code, "[a]n employer commits an unlawful employment practice if because of . . . sex . . . the employer discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment."[24] The state law is intended to mirror the federal law,[25] so the Court will consider these claims together.

---

[21] FED. R. CIV. P. 54(c); *see also Ditech Fin., L.L.C. v. Naumann*, 742 F. App'x 810, 813 (5th Cir. 2018) (holding that rendering relief in a default judgment differs from other kinds of judgment).

[22] *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (quoting *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

[23] 42 U.S.C. § 2000e-2(a)(1).

[24] TEX. LAB. CODE § 21.051(1).

[25] *Id.* § 21.001(1).

"A plaintiff may establish a Title VII violation 'by proving that discrimination based on sex has created a hostile or abusive work environment.'"[26] "To establish a sexual harassment claim based on a hostile work environment, the employee must show: (1) that [he] belongs to a protected class; (2) that [he] was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment affected a 'term, condition, or privilege' of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt remedial action."[27]

Here, Plaintiff and his alleged harasser, Larry Blank, are both men, but that is no obstacle to proving discrimination on the basis of sex. Same-sex harassment has long been cognizable under Title VII, and the "harassing conduct need not be motivated by sexual desire to support an inference of discrimination on the basis of sex."[28] Plaintiff's well-pled factual allegations in his complaint establish that the touching, comments, and jokes were unwelcome.[29] The harassment was based on sex because it involved jokes explicitly about Plaintiff's penis.[30]

Harassment affects the conditions of employment when "the workplace is permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive."[31] While this is a fact-intensive inquiry that may be contested after discovery if this case proceeded ordinarily, here, Defendant has not denied the allegations in Plaintiff's well-pled complaint. Plaintiff's allegations that the harassment and touching escalated after he filed a complaint and that he was ridiculed for taking the harassment seriously are sufficiently severe and pervasive.[32]

[26] *Bookman v. AIDS Arms, Inc.*, No. 3:14-CV-814-B, 2014 U.S. Dist. LEXIS 141583, at *8 (N.D. Tex. Oct. 3, 2014) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986)).
[27] *Id.* (citing *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999)).
[28] *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (1998).
[29] Dkt. No. 1 at 3, ¶¶ 13-15.
[30] *Id.*
[31] *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993).
[32] Dkt. No. 1 at 3-4, ¶¶ 16-18.

These facts also properly allege that Defendant, through Andrew Lutt, knew of the harassment and failed to take remedial action.[33] Thus, Plaintiff's harassment claim is substantively meritorious on the pleadings.

### B.  Retaliation

To state a claim for retaliation, Plaintiff must establish that: (1) he engaged in protected activity, (2) he suffered an adverse employment action, and (3) a causal nexus existed between the protected activity and the adverse employment action.[34] Plaintiff's complaint alleges that in December 2019, he reported the harassment to Andrew Lutt and that in March 2020, he was fired.[35] Because protected activity includes opposing any practice made unlawful by Title VII,[36] and termination is adverse employment action, these two elements are substantively met.

As to causation:

> At the prima facie stage, the standard for satisfying the causation element is much less stringent than a 'but for' causation standard. Nevertheless, the plaintiff must produce *some* evidence of a causal link between the protected activity and the adverse employment action to establish a prima facie case of retaliation.[37]

The timing of the complaint and Plaintiff's firing, along with the well-pled atmosphere of hostility toward his complaint and lack of action against Larry Blank, all support the inference of causation. Plaintiff gets out in front of an alternative explanation for his termination: that he was "slow to work."[38] But since Defendants never lodged this as a legitimate, non-pretextual reason to terminate Plaintiff's employment, the Court will not make assumptions in its favor.

---

[33] *Id.*

[34] *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002).

[35] Dkt. No. 1 at 3-4, ¶¶ 16, 19.

[36] *See Cuellar v. Sw. Gen. Emergency Physicians, P.L.L.C.*, 656 F. App'x 707, 709 (5th Cir. 2016) (quoting 42 U.S.C. § 2000e-3(a)).

[37] *Ackel v. Nat'l Communs., Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (internal citations and quotations omitted) (emphasis in original).

[38] Dkt. No. 1 at 4, ¶ 19.

The Court therefore finds that Plaintiff's claims are substantively meritorious for purposes of default judgment. The Court now turns to whether default judgment is proper.

### 2. Whether Default Judgment is Proper

As reviewed above, Plaintiff served Randy Lutt as treasurer and director of Defendant.[39] The clerk's entry of default was mailed to Defendant.[40] The Court's previous order to clarify the propriety of service was mailed to Defendant and to Defendant's purported counsel[41] who briefly made an unauthorized appearance in this Court.[42]

Accordingly, the Court finds that there is no undue harshness of a default judgment, no undue prejudice to Defendant, and that the Court would not think itself obliged to set aside a default judgment upon either Defendants' appearance or motion. The Court holds that entry of default judgment is proper. The Court turns finally to the measure of appropriate relief.

### 3. Appropriate Relief

Plaintiff prays for unliquidated damages and equitable relief.[43] Therefore, the Court hereby sets a **DAMAGES HEARING** for **August 29, 2023, at 9:00 a.m.** with a brief on requested damages, a witness list, and an exhibit list due **August 22, 2023**.

---

[39] Dkt. Nos. 6, 19-1.
[40] Dkt. No. 10.
[41] Dkt. No. 18.
[42] Terminated by Dkt. No. 17 after notice and opportunity to apply *pro hac vice*.
[43] Dkt. No. 1 at 6-7.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for default judgment and will hold an evidentiary hearing to assess damages consistent with this order.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 14th day of August 2023.

_____
Micaela Alvarez
Senior United States District Judge